KARMASU, Appellant,

v.

HUGHES, Appellee.

[Cite as *Karmasu v. Hughes* (1995), 100 Ohio App.3d 434.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 94 CA 2267.

Decided Jan. 27, 1995.

*Maharathah Karmasu, pro se.*

*Betty D. Montgomery,* Attorney General, and *Todd R. Marti,* Assistant Attorney General, for appellee.

GREY, Judge.

This is a frivolous appeal from a frivolous case filed in the Common Pleas Court of Scioto County. Karmasu is currently incarcerated in the prison at Lucasville. He is a member of the Hindu religion, which proscribes eating meat. He sued Hughes, the prison dietician, alleging that Hughes deliberately violated his right of religious practice by serving turkey in the Thanksgiving stuffing.

The trial court granted Hughes's Civ.R. 12(B)(6) motion. On appeal, we reversed and remanded on technical grounds, *i.e.,* that since resolution of the case depended on factual consideration, dismissal under Civ.R. 12(B)(6) was not proper. On remand, Karmasu filed a request for discovery and an amended complaint. The state did not respond to the discovery request and Karmasu deemed that failure as a blanket admission. Both parties filed motions, pursuant to Civ.R. 56, requesting summary judgment. The court granted the defendant's motion. We affirm.

In reviewing a summary judgment, the lower court and the appellate court utilize the same standard, *i.e.,* we review the judgment independently and without deference to the trial court's determination. *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 536 N.E.2d 411. The standard of review in this court is *de novo,* since the propriety of summary judgment is a question of law. We must determine whether the moving party has sustained his burden by establishing that there is no genuine issue of material fact. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 553 N.E.2d 597. See, also, *Maust v. Bank One Columbus, N.A.* (1992), 83 Ohio App.3d 103, 614 N.E.2d 765; *Howard v. Wills* (1991), 77 Ohio App.3d 133, 601 N.E.2d 515; *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 599 N.E.2d 786.

Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 524 N.E.2d 881.

Construing the evidentiary matters most strongly in favor of appellant, reasonable minds can only conclude that there is no genuine issue of law or fact. Karmasu alleges that he was deceived and made to violate his religious belief because, in the meal served to the prison inmates on Thanksgiving day, the turkey stuffing had turkey in it.

Karmasu advances the following assignments of error.

First Assignment of Error

"The trial court erred in concluding appellant had not stated a cause of action against the defendant under 42 USC 1983 taking into consideration all likely amendments."

Second Assignment of Error

"The trial court erred in allowing defendant to make assertions contradicting admissions obtained by the plaintiffs."

Third Assignment of Error

"The trial court erred in relying upon *Stone et al v Jetts et al* [*sic*] as being applicable to the instant action."

Fourth Assignment of Error

"The trial court erred in finding that the plaintiff had been injured inadvertantly [*sic*] and defendant had acted in good faith."

Fifth Assignment of Error

"The trial court erred in concluding that the appellant had not been injured by the action of the defendant."

Sixth Assignment of Error

"The trial court erred in giving evidentiary value to the unsigned and unnotarized affidavit of defendant Brenton Hughes."

Seventh Assignment of Error

"The trial court erred in granting summary judgment as a matter of law for defendant."

Eighth Assignment of Error

"The trial court erred in not granting summary judgment for appellant as to compensatory damages, nominal damages and punitive damages."

None of these assignments of error has merit. Even Karmasu's reliance on *Stoner v. Jett* (C.A.6, 1991), 940 F.2d 662, unreported, is misplaced. In *Stoner*, the court held that a prisoner is not entitled to a religiously prescribed diet, but the food supplied by the prison authorities must supply a diet sufficient to keep the prisoners in good health, *i.e.*, a diet which provides them with adequate nourishment without the consumption of religiously proscribed food. In *Stoner*, the court noted that mere negligence of the prison staff is insufficient to assert a First Amendment violation.

Here there is not even such a claim. Karmasu alleges that the turkey stuffing had turkey in it. Of course it did. If it did not have some part of the turkey in

it, it would not be turkey stuffing. Milkshakes have milk. Egg noodles have eggs. Chili has chili powder. The state's dietician was not being deceptive or intruding on Karmasu's religious freedom by making turkey stuffing, putting turkey in it, calling it turkey stuffing and serving it to the prisoners.

This case is wholly without merit and summary judgment was properly granted. Each of Karmasu's assignments of error are not well taken and each is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

HARSHA, P.J., and STEPHENSON, J., concur.