EVANS, Exr., Appellant,

v.

**SOUTHERN OHIO MEDICAL CENTER et al.; Hempstead Manor, Appellee.**

[Cite as *Evans v. S. Ohio Med. Ctr.* (1995), 103 Ohio App.3d 250.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 94CA2244.

Decided May 4, 1995.

*Kimble, Stevens, Young, Clark & Rodeheffer, Roger L. Clark* and *Margaret Apel–Miller,* for appellant.

*Bannon, Howland & Dever* and *Robert E. Dever,* for appellee.

---

HARSHA, Judge.

This appeal arises from a decision by the Scioto County Court of Common Pleas finding that appellant's claims against appellee Hempstead Manor were barred by the statute of limitations. The record reveals the following facts.

In June 1992, Eleanora Richards fell at her home and was taken to Scioto Memorial Hospital. While at the hospital, Richards injured her elbow and Dr. Marchyn performed surgery on it to correct the problem. Several days later, Richards was released from the hospital, but she reinjured her elbow while being helped into her automobile. As a result, Dr. Marchyn again operated on Richards's elbow. Several days later, Richards was released from the hospital and admitted to Hempstead Manor, the appellee in this appeal.

On August 3, 1992, Richards suffered a fall at Hempstead Manor. Approximately two days later, she was again taken to Dr. Marchyn's office, and when the bandage was removed from her elbow, there was evidence of a severe infection in her arm. Richards was then returned to Hempstead Manor, but the condition of her arm and her overall health evidently deteriorated. However, Hempstead Manor did not contact Richards's physicians or return her to Scioto Memorial Hospital until August 9, 1992. After being admitted to the hospital, her condition seemed to improve, but on August 12, 1992, Richards died.

On February 4, 1994, Karen Sue Evans, as executor of the estate of Eleanora Richards, filed a complaint in the Scioto County Court of Common Pleas alleging medical malpractice and wrongful death against Southern Ohio Medical Center (Scioto Memorial Hospital) and Dr. Duane J. Marchyn. Appellant also filed a negligence and wrongful death action against Hempstead Manor, on the grounds

that it negligently failed to obtain medical treatment for Richards in a timely fashion. This appeal involves only the claims against Hempstead Manor.

On August 11, 1993, Hempstead Manor received notice of appellant's intent to sue pursuant to R.C. 2305.11(B)(1), extending the time within which to file medical claims by one hundred eighty days. On February 4, 1994, appellant filed her complaint against Hempstead Manor and the other defendants. On March 1, 1994, Hempstead Manor filed a motion for summary judgment arguing that appellant's claims were barred by the statute of limitations.[1] On May 4, 1994, the trial court agreed and granted summary judgment in favor of Hempstead Manor, finding no just cause for delay for the entry of final judgment.

Appellant then filed this appeal, alleging the following assignment of error:

"Assignment of error # 1: The trial court committed reversible error in granting Hempstead Manor's motion for summary judgment inasmuch as there is a genuine issue of material fact, said defendant is not entitled to judgment as a matter of law, and construing the evidence most strongly in favor of the plaintiff/appellant, reasonable minds can come to more than one conclusion."

In reviewing a summary judgment, the lower court and the appellate court utilize the same standard, *i.e.*, we review the judgment independently and without deference to the trial court's determination. *Midwest Specialties, Inc. v. Firestone Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411, 413–414. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883–884; cf. *State ex rel. Coulverson v. Ohio Adult Parole Auth.* (1991), 62 Ohio St.3d 12, 14, 577 N.E.2d 352, 353–354; Civ.R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801. Additionally, a motion for summary judgment forces the nonmoving party to produce evidence on any issue (1) for which that party bears the burden of production at trial, and (2) for which the moving party has met its initial burden. See *Stewart v. B.F. Goodrich Co.* (1993), 89 Ohio App.3d 35, 623 N.E.2d 591, and *Wing v. Anchor*

---

1. Appellant also filed a breach of contract claim against Hempstead Manor, and argues that the contract claim is not barred by the statute of limitations. We agree that the contract claim was timely filed. However, we do not express any opinion as to the availability of such a claim based upon the factual context involved here, as that issue is not before us.

*Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

The only issue before us is whether the trial court properly found that appellant's claims against Hempstead Manor are barred by the statute of limitations. Hempstead Manor argues that because it is a hospital as defined in R.C. 2305.11(D)(1), the claim against it is subject to the one-year statute of limitations for medical malpractice claims in R.C. 2305.11(B). Appellant argues, on the other hand, that Hempstead Manor is actually a nursing home, and thus the claim against it is an ordinary negligence claim subject to the two-year statute of limitations found in ·R.C. 2305.10.

We begin our analysis by noting that when negligence or medical malpractice results in the death of a victim, two distinct causes of action arise. The first is a wrongful death action brought on behalf of the surviving spouse and next-of-kin, and the second is a malpractice or personal injury action, enforced by either the injured person or a representative of the injured person in a survival action. See R.C. 2125.02; *Thompson v. Wing* (1994), 70 Ohio St.3d 176, 179, 637 N.E.2d 917, 919–920. Wrongful death claims accrue upon the death of the decedent, and are subject to a two-year statute of limitations. See R.C. 2125.02(B). As a result, even when a plaintiff fails to file a negligence action or a malpractice action within the applicable statute of limitations, the wrongful death claim is not time-barred as long as it is filed within two years after the decedent's death. See *Koler v. St. Joseph Hosp.* (1982), 69 Ohio St.2d 477, 23 O.O.3d 413, 432 N.E.2d 821; *Brosse v. Cumming* (1984), 20 Ohio App.3d 260, 20 OBR 322, 485 N.E.2d 803; *Heck v. Thiem Corp.* (Dec. 13, 1994), Columbiana App. No. 93–C–55, unreported, 1994 WL 705001. Consequently, the wrongful death claim in this case is not time-barred. The only remaining issue is whether the underlying negligence/survival claim was filed within the proper statute of limitations.[2]

As stated earlier, the trial court granted summary judgment to Hempstead Manor finding that the malpractice claim against it was not filed within the one-year statute of limitations set forth in R.C. 2305.11(B). R.C. 2305.11(B)(1) provides that all medical malpractice actions must be commenced within one year after the cause of action accrues. R.C. 2305.11(D)(3) defines a medical claim as:

" 'Medical claim' means any claim that is asserted in any civil action *against a physician, podiatrist, or hospital,* against any employee or agent of a physician, podiatrist, *or hospital,* or against a registered nurse or physical therapist, and that arises out of the medical diagnosis, care, or treatment of any person. * * * " (Emphasis added.)

---

2. See fn. 1, *supra.*

As stated earlier, Hempstead Manor argues that because it is a hospital, the medical claim had to be filed against it within one year after the cause of action accrued. Appellant contends that Hempstead Manor is actually a nursing home, and therefore she is bringing an action in ordinary negligence subject to the two-year statute of limitations found in R.C. 2305.10. R.C. 2305.11(D)(1) defines hospital as follows:

" 'Hospital' includes any person, corporation, association, board, or authority that is responsible for the operation of any hospital licensed or registered in the state, including, but not limited to, those which are owned or operated by the state, political subdivisions, any person, any corporation, or any combination thereof. 'Hospital' also includes any person, corporation, association, board, entity, or authority that is responsible for the operation of any clinic that employs a full-time staff of physicians practicing in more than one recognized medical specialty and rendering advice, diagnosis, care, and treatment to individuals. * * *"

In a motion for summary judgment, the moving party has the initial burden of establishing that no genuine issue of material fact exists. The bar of the statute of limitations is an affirmative defense, see Civ.R. 8(C), upon which the defendant bears the burden of proof at trial. *Velotta v. Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 379, 23 O.O.3d 346, 348, 433 N.E.2d 147, 150; *Rainey v. Shaffer* (1983), 8 Ohio App.3d 262, 263, 8 OBR 354, 355–356, 456 N.E.2d 1328, 1330–1331. As noted above, a properly supported motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. *Stewart, supra.* Clearly, appellant does not bear the initial burden on the statute of limitations defense. Although Hempstead Manor contends in its brief that it is a hospital according to R.C. 2305.11(D)(1), there is no evidence in the record establishing that Hempstead Manor is a duly licensed and registered hospital in the state of Ohio. In fact, the memorandum and the affidavit in support of the motion both merely assume, without stating a factual basis for their conclusion, that the one-year statute of limitations applies. Because Hempstead Manor did not establish any factual basis for the application of the one-year statute of limitations, appellant had no duty to produce evidence on this issue. Accordingly, summary judgment on this issue was improper.

However, even if we were to find that Hempstead Manor is a hospital, we still believe that a genuine issue of material fact exists concerning whether the medical malpractice action was filed within the one-year statute of limitations. R.C. 2305.11(B)(1) states that if a claimant gives notice to the defendant of a possible lawsuit before the original one-year term expires, the plaintiff may bring the action any time within one hundred eighty days after notice is given. See R.C. 2305.11(B)(1). It is undisputed in this case that Hempstead Manor received

notice of a possible suit against it on August 11, 1993. Hempstead Manor argues that this notice was not given within one year of the time the cause of action accrued, and therefore it did not extend the time for filing suit by one hundred eighty days. We believe a factual dispute on this question precludes summary judgment.

In a medical malpractice action, the statute of limitations starts to run upon the occurrence of a "cognizable event" which leads or should lead a plaintiff to believe that his or her injury is related to a medical diagnosis, treatment, or procedure, which was previously received. See *Flowers v. Walker* (1992), 63 Ohio St.3d 546, 549, 589 N.E.2d 1284, 1287–1288; *Allenius v. Thomas* (1989), 42 Ohio St.3d 131, 538 N.E.2d 93. In this case, the cognizable event may not have occurred until Richards passed away on August 12, 1992. Hempstead Manor argues that the statute of limitations should begin to run on August 9, 1992, the date it last had Richards in its care. Appellant, however, argues that she could not have known that Hempstead Manor's allegedly negligent failure to bring Richards to the hospital would result in harm until she actually died on August 12, 1992. We hold that the question of the existence of a cognizable event which started the statute running is one of disputed fact to be decided by the trier of fact. See, *e.g., Akers v. Alonzo* (1992), 65 Ohio St.3d 422, 605 N.E.2d 1; *Flowers, supra.* Accordingly, the judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

PETER B. ABELE, P.J., and STEPHENSON, J., concur.