DECISION AND JUDGMENT ENTRY
Deborah S. Cleek appeals from a grant of summary judgment in favor of appellee, MICO Insurance Company (MICO) in this declaratory judgment action.
In June of 1995, Deborah Cleek and her two children, Danyel Smith and Heather Smith, were traveling on State Route 124 in Meigs County, Ohio when they were involved in a collision with a vehicle operated by Sean B. Diddle. The parties have stipulated that the collision was the result of Diddle's negligence.
At the time of the collision, Diddle was insured by Nationwide Mutual Insurance Company with limits for bodily injury in the amount of $25,000 per person and $50,000 per occurrence. MICO insured each occupant of the Cleek vehicle as well as Robert Cleek, Deborah Cleek's husband, for underinsured motorist benefits with limits of $12,500 per person and $25,000 per occurrence.
Deborah Cleek, Robert Cleek and Danyel Smith, who had by then reached the age of majority, jointly executed a release of liability that settled their claims against Diddle for $16,666. This settlement was apportioned with $14,666 for Deborah Cleek's claims and $2,000 for Danyel Smith's claims. Heather Smith also executed a release of liability that settled her claim against Diddle for $16,666. Each appellant's damages exceeded the respective amount they received in the settlement with Diddle, and they ultimately brought suit against MICO for underinsured benefits. After the trial court granted summary judgment to MICO, appellants appealed, raising one assignment of error:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE PLAINTIFF-APPELLANTS IN GRANTING THE DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
The standard of review on a trial court's grant of summary judgment isde novo and without deference to its determination. Evans v. S. OhioMed. Ctr. (1995), 103 Ohio App.3d 250, 253. Summary judgment under Civ.R. 56(C) is appropriate when: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, when viewed most strongly in favor of the non-moving party, that reasonable minds can come to a conclusion only in favor of the moving party. Id. Therefore, we will uphold a summary judgment grant when, construing the evidence in the most favorable light available to the nonmoving party, the record discloses no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Hall v. Fairmont Homes, Inc. (1995),105 Ohio App.3d 424, 431. In this case, the parties have stipulated to the relevant facts. It is also clear that the MICO policy provides that a claim for underinsured motorist benefits only exists where the limits of coverage under a tortfeasor's policy are less than the limits available under the insured's underinsured coverage.[1] Thus, we are only concerned with whether the appellee was entitled to judgment as a matter of law.
In appellee's motion for summary judgment, it argued that under R.C.3937.18(A)(2), appellants' claim for underinsured motorist benefits is not available because the limits of the tortfeasor's liability insurance policy (25,000/50,000) are greater than MICO's underinsurance limits (12,500/25,000). R.C. 3937.18(A), as amended by S.B. 20 eff. October 20, 1994, requires an insurer to provide the following coverage:
* * *
 "(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured." (Emphasis supplied.)
Appellants countered by arguing that Savoie v. Grange Mutual Ins. Co. (1993), 67 Ohio St.3d 500, has never been overruled, and thus remains the governing law in this case. "Savoie interpreted former R.C. 3937.18 and represented a substantial change in the law affecting issues of liability coverage and uninsured/underinsured motorist coverage." Ross v. FarmersIns. Group (1998), 82 Ohio St.3d 281. At paragraph three of the syllabus, Savoie held that:
 "An underinsurance claim must be paid when the individual covered by an uninsured/underinsured policy suffers damages that exceed those monies available to be paid by the tortfeasor's liability carrier."
The Savoie court interpreted former R.C. 3937.18(A)(2) to permit a plaintiff to recover uninsured or underinsured limits in addition to liability limits of the tortfeasor, up to the measure of damages suffered by the plaintiff. Cole v. Holland (1996), 76 Ohio St.3d 220 . Appellant argues that summary judgment was improper under the principle announced in Savoie.
For purposes of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into the contract for automobile liability insurance, or renewal of the contract, controls the rights and duties of the contracting parties. Rossv. Farmers Ins. Group, supra. In this case, the contract for insurance was renewed June 3, 1995, after the effective date of Senate Bill 20. Thus, the trial court properly applied R.C. 3937.18(A)(2) as amended by Senate Bill 20.
The specific issue raised in this appeal is whether Senate Bill 20 effectively overruled the holding in Savoie at paragraph three of the syllabus. The legislative history to S.B. 20 indicates a clear intent to supercede, and thus overrule, the holding in Savoie. The relevant uncodified law reads:
 "Section 7. It is the intent of the General Assembly in amending division (A)(2) of section 3937.18 of the Revised Code to supersede the effect of the holding of the Ohio Supreme Court in the October 1, 1993 decision in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, relative to the application of underinsured motorist coverage in those situations involving accidents where the tortfeasor's bodily injury liability limits are greater than or equal to the limits of the underinsured motorist coverage.
See, also, Ross, supra ("The version of R.C. 3937.18 that was enacted as part of Am.Sub.S.B. 20 on October 20, 1994, was intended to supersede the effect of our holding in Savoie"); and Cole, supra ("After reviewing the text of Sections 7, 8, and 9 of Am.Sub.S.B. No. 20, we recognize that the General Assembly, through the operation of that Act, intended to explicitly supersede various holdings of Savoie.").
Accordingly, we hold that, as it related to the availability of underinsured motorist benefits under R.C. 3937.18(A)(2), Savoie was effectively overruled by the enactment of Senate Bill 20. Appellant does not challenge summary judgment on any other basis, and implicitly concedes that summary judgment was proper under the trial court's interpretation of R.C. 3937.18(A)(2), as amended by S.B. 20.[2] The language of the policy in this case provides that an underinsured claim exists only where the tortfeasor's coverage is less than the limit under the insured's coverage. Thus, appellee is entitled to judgment as a matter of law.
The assignment of error is overruled and the judgment of the trial court is affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
William H. Harsha, Judge.
Abele, P.J. Kline, J.: Concur in Judgment Opinion.
[1] LIMIT OF LIABILITY
* * *
 B. With respect to coverage under Section 2 of the definition of uninsured motor vehicle, the limit of liability shall be reduced by all sums paid because of bodily injury by or on behalf of persons or organizations who may be legally responsible.
[2] Appellant is not challenging the trial court's application of the set off provision under the current version of R.C. 3937.18(A)(2). SeeLitterell v. Wigglesworth (2001), 91 Ohio St.3d 425 for interpretation of the "amounts available for payment" language in R.C. 3937.18(A)(2).