OPINION
{¶ 1} Appellant, Daniel Boehm, appeals the decision of the Warren County Court of Common Pleas, Probate Division, in Case No. 025007, granting summary judgment in an adoption petition to appellees, Steve and Stephanie Lichtenberg. We reverse and remand the decision of the trial court.
 {¶ 2} Boehm and Molly Merk began dating in 2001. During the relationship, Merk became pregnant. The child was born in Indiana on January 10, 2002. Merk, prior to, during, and subsequent to her pregnancy was an Indiana resident. Boehm is also a resident of the state of Indiana and has been so for the past "six years." Genetic testing has proven conclusively that Boehm is the biological father of the child. Merk placed the child into the permanent custody of St. Elizabeth's Pregnancy and Adoption Services on January 12, 2002. St. Elizabeth's Pregnancy and Adoption Services is an Indiana agency located in Indianapolis, Indiana.
 {¶ 3} St. Elizabeth's placed the child with an Ohio couple, the Lichtenbergs, for adoption. The Lichtenbergs filed a petition to adopt the child in Ohio on January 16, 2002. An amended petition was then filed on February 8, 2002, alleging that the father's consent was not necessary because he was not the biological father, because he failed to support the child, and because he abandoned the child and mother during her pregnancy.
 {¶ 4} Boehm registered with the Indiana State Department of Putative Father Registry on February 6, 2002 as the putative father for this child. Notice of the Ohio adoption proceeding was forwarded to Boehm in Indiana on March 5, 2002. On April 1, 2002, Boehm filed objections to the adoption. The petition hearing was scheduled for April 9, 2002. In July 2002, the court held a pretrial conference with counsel and set the matter for a contested hearing on September 10, 2002.
 {¶ 5} On the day of the contested hearing, the petitioners filed a motion for summary judgment and a motion to dismiss the objections filed by Boehm. The motions were heard on October 10, 2002. On October 21, 2002, the court entered its decision granting the motion for summary judgment and finding that the consent of the putative father was not required pursuant to R.C. 3107.07 because he did not register as the putative father in Ohio. The final decree of adoption was entered on November 7, 2002. Boehm appeals the decision raising a single assignment of error:
 {¶ 6} "The Trial Court Erred In Granting The Appellee's Motion For Summary Judgment."
 {¶ 7} Appellant argues that he registered as the putative father in Indiana and therefore he is entitled to notice of a petition for adoption and his consent is required to grant the petition. Boehm argues that by removing the child from Indiana to initiate the adoption proceedings in Ohio he was stripped of his rights.
 {¶ 8} The right of a natural parent to the care and custody of his children is one of the most precious and fundamental in law. Santosky v.Kramer (1982), 455 U.S. 745, 753, 102 S.Ct. 1388. Adoption terminates those fundamental rights. See R.C. 3107.15(A)(1). For this reason, "any exception to the requirement of parental consent [to adoption] must be strictly construed so as to protect the right of natural parents to raise and nurture their children." In re Schoeppner's Adoption (1976),46 Ohio St.2d 21, 24.
 {¶ 9} An appellate court reviews a decision granting summary judgment on a de novo basis. See Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336; Evans v. S. Ohio Med. Ctr.
(1995), 103 Ohio App.3d 250, 253; Karmasu v. Hughes (1995),100 Ohio App.3d 434, 436. Summary judgment under Civ. R. 56(C) is appropriate when: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, when viewed most strongly in favor of the nonmoving party, that reasonable minds can come to a conclusion only in favor of the moving party. Bostic v. Connor (1988),37 Ohio St.3d 144, 146; Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. The party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists. Mitseffv. Wheeler (1988), 38 Ohio St.3d 112, 115. To survive summary judgment, the nonmoving party must produce evidence showing that a genuine issue of fact exists concerning any issue for which the nonmoving party bears the burden of proof. See Civ. R. 56(E); see, also, Mitseff at 115.
 {¶ 10} The child was born in Indiana on January 10, 2002. The mother and putative father of the child are residents of Indiana. On January 12, 2002, Merk signed a "relinquishment of custody of infant and release of hospital" form. This form designated St. Elizabeth's Pregnancy and Adoption Services as the adoption agency. St. Elizabeth's is located in Indianapolis, Indiana. St. Elizabeth's placed the child for adoption with the Lichtenbergs, an Ohio couple. As Ohio residents, the Lichtenbergs filed their petition for adoption in the Warren County Probate Court on January 16, 2002. See R.C. 3107.04. On February 6, 2002, Boehm registered with the Indiana putative father registry. On February 28, 2002, St. Elizabeth's applied for an Interstate Compact Placement of Children ("ICPC") Request with Ohio in the Warren County Probate Court. The ICPC is a law that has been enacted by all 50 states and the District of Columbia to facilitate the cooperation between states for the placement of children. The ICPC request sought state approval of the interstate placement of the child with the Lichtenbergs.
 {¶ 11} Boehm argues that he is entitled to notice of the adoption petition and his consent is required because Indiana retained jurisdiction over the adoption based upon one of the ICPC's provision. However, as a putative father, in order for Boehm to protect his rights, he must register with the putative father registry. In Indiana and Ohio, a man has a 30-day period after the child is born to register as the child's putative father. See I.C. 31-19-5-12; R.C. 3107.062. In Ohio, if a child's putative father fails to register within the statutory 30-day period, then his child may be adopted by another person without his consent; in fact, he is not even entitled to notice of the pending adoption proceeding. See R.C. 3107.06; 3107.061; 3107.07(B)(1); In reAdoption of Coppersmith, 145 Ohio App.3d 141, 2001-Ohio-1484.
 {¶ 12} Boehm argues that registering in Indiana should entitle him to notice of the adoption petition and his consent should be required for the adoption proceeding in Ohio. The trial court found that registering as the putative father in Indiana was inadequate in Ohio. Therefore, the trial court granted summary judgment based upon Boehm's failure to register as putative father in Ohio. The court stated in its entry, "because Boehm did not register as [the child's] putative father with Ohio's Putative Father Registry his consent to [the child's] adoption is not necessary pursuant to Revised Code section 3107.07(B)."
 {¶ 13} We see nothing in the trial court's decision to demonstrate that it considered the ICPC. The Secretariat, who is responsible for coordination of the ICPC nationwide, has opined that the ICPC requires compliance with the laws of the sending state. See American Public Welfare Association, The Interstate Compact on the Placement ofChildren: Compact Administrators' Manual (1982) at 3.67 (Secretariat Opinion 37 (April 7, 1977)); see, also, id. at 2.2-2.3 (Compact Provisions, An Interpretive Commentary). Indiana's procedures for compliance with an ICPC placement are stated in Indiana's Bureau of Family Protection and Preservation's Child Welfare Manual. Section 507 of the Child Welfare Manual states that, "an ICPC referral packet for adoptive placement must contain the following elements: * * * (7) Court order of termination of parental rights (TPR), or signed consents to adoption by birth parents, or notice of publication on a missing parent regarding the adoption proceedings."
 {¶ 14} Our review of the ICPC reveals that the sending state is required to obtain the consent of both birth parents in an interstate adoption proceeding, get a court order finding consent of one or both parents is not necessary, or prove publication to a missing parent. Boehm never consented to the placement or adoption, there is no Indiana court order terminating his parental rights and Boehm is not a missing parent. Furthermore, by registering with Indiana's putative father registry within the statutory period, Boehm is entitled to notice and an opportunity to be heard as to whether his consent is his required to make the adoption placement.
 {¶ 15} While Boehm failed to register with Ohio's putative father registry, he clearly came forward within a reasonable time after the baby's birth and complied with the Indiana Putative Father Registry statute. As the sending state, Indiana is required to obtain the parents consent or determine consent is not necessary under the ICPC since Boehm is not a missing parent. The child was born in Indiana on January 10, 2002, and Boehm registered with the Indiana State Department of Putative Father Registry on February 6, 2002. We hold that Boehm should be allowed the opportunity for a hearing to determine whether his consent is required for the placement. Therefore, we conclude that a genuine issue of material fact exists. That fact is whether Boehm's consent is required, and whether that determination should be made in Indiana under the ICPC or in Ohio under R.C. 3107.07(B). Accordingly, summary judgment was inappropriately granted. The assignment of error is well-taken.
 {¶ 16} Judgment reversed and remanded to the trial court for further proceedings according to law and consistent with this opinion.
VALEN, P.J., and POWELL, J., concur.