DENT et al., Appellants,

v.

FORD MOTOR COMPANY et al., Appellees.

[Cite as *Dent v. Ford Motor Co.* (1992), 83 Ohio App.3d 283.]

Court of Appeals of Ohio,
Lorain County.

No. 92CA005289.

Decided Oct. 21, 1992.

William D. Dent, Sandra Rae Dent and Carl Noll, pro se.

Elizabeth B. Wright and S. Stuart Eilers, for appellees.

BAIRD, Presiding Judge.

This cause comes before the court upon the appeal of Sandra Rae Dent from three orders of the Lorain County Court of Common Pleas: (1) granting Ford Motor Company's ("Ford") motion *in limine* to disqualify Dent's witness from testifying as an expert in automotive design; (2) awarding Ford partial summary judgment on Dent's product liability/defective design claims; and (3) awarding Ford partial summary judgment on her claims of fraud and breach of express warranty.

Sandra Rae Dent was seriously and permanently injured when the 1987 Ford Bronco II she was driving was struck head-on by a vehicle driven by an intoxicated driver. Dent alleged that some of her injuries were caused by defects in the doors, front pillars and body-to-frame mounts of the Bronco II which were defectively designed and inadequate to withstand the impact of the collision. In 1989, Dent brought an action against Ford based on the theories of negligence, strict liability, breach of express warranty, failure to warn, lack of crashworthiness and fraud. She also claimed that Ford fraudulently advertised the Bronco II as "Built Fun Tough."

During the next two years, Dent and Ford undertook extensive discovery. In November 1991, two days before the case was set for trial, the trial court granted Ford's motion for partial summary judgment on Dent's claims of fraud and breach of express warranty. The trial court then granted Ford's motion *in limine* to prohibit Dent's witness from testifying as an expert on automotive design. The same day, Ford moved for partial summary judgment as to all remaining claims against Ford. The trial court gave Dent six weeks to respond to the motion; Dent failed to respond, and the trial court granted Ford summary judgment. Dent appeals and asserts three assignments of error.

### Assignment of Error I

"The trial court erred to the prejudice of plaintiffs-appellants by granting defendant Ford Motor Company's motion for a partial summary judgment."

Pursuant to Civ.R. 56(C), summary judgment is proper if the trial court determines that:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Dent charges that Ford failed to properly initiate the summary proceedings because it failed to support its motion with "proper and sufficient evidentiary matters to negate plaintiffs' claims." Furthermore, Dent asserts that the trial court impermissibly granted partial summary judgment based on a preliminary motion *in limine*. We disagree.

The United States Supreme Court has held that the party seeking summary judgment need not support its motion with evidence directly negating the opponent's claims. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323–324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 273. Rather, the party seeking summary judgment must clearly inform the trial court of the basis for the motion. *Id.* "The moving party's responsibility is discharged by pointing out to the court that there is an absence of evidence to support the nonmoving party's case." *Hinkley v. Kraynik* (May 13, 1992), Lorain App. No. 5188, unreported, 1992 WL 103739. "The nonmoving party must then go beyond the pleadings and designate specific facts showing that a genuine issue exists for trial." *Id.* See, also, *Celotex, supra,* at 323–324, 106 S.Ct. at 2553, 91 L.Ed.2d at 273.

In this case, Ford utilized the trial court's grant of its motion *in limine* to zero in on Dent's lack of evidence to support her claims. Ford used its motion *in limine* merely to demonstrate its main point, that there was no evidence to support a design defect/product liability claim. Ford thereby created a burden on Dent to "go beyond the pleadings and designate specific facts showing that a genuine issue exists for trial." *Hinkley, supra.* Dent asserts that the trial court erroneously assumed that she could not prove her claims without the testimony of her expert witness. The trial court granted Dent six weeks to challenge Ford's argument that expert testimony was required and to designate a genuine triable issue. Dent, however, failed to oppose the motion at all; the trial court awarded Ford partial summary judgment. We overrule Dent's first assigned error.

### Assignment of Error II

"The trial court erred to the prejudice of plaintiffs-appellants by ordering the exclusion of the testimony of plaintiffs' witness, Sam Bell, in its ruling on defendant Ford Motor Company's motion *in limine.*"

A motion *in limine* is commonly used as a tentative, precautionary request to limit inquiry into a specific area until its admissibility is determined during trial. *Riverside Methodist Hosp. Assn. v. Guthrie* (1982), 3 Ohio App.3d 308, 310, 3 OBR 355, 357, 444 N.E.2d 1358, 1361; see, also, *State v. Grubb* (1986), 28 Ohio St.3d 199, 201–202, 28 OBR 285, 288, 503 N.E.2d 142, 145. As a tentative, interlocutory, precautionary ruling, " * * * finality does not attach when the motion is granted." *Id.* at 202, 28 OBR at 288, 503 N.E.2d at 145. " 'By its very nature, * * * its grant cannot be error. It is not a ruling on evidence. It adds a procedural step prior to the offer of evidence.' " (Citations omitted.) *State v. Maurer* (1984), 15 Ohio St.3d 239, 259, 15 OBR 379, 396, 473 N.E.2d 768, 787. As such, " ' * * * the ruling [o]n a motion *in limine* does not preserve the record on appeal[;] * * * an appellate court need not review the propriety of such an order unless the claimed error is preserved by [a timely objection] * * * when the issue is actually reached [during the] * * * trial.' " (Emphasis deleted and citation omitted.) *Grubb, supra,* 28 Ohio St.3d at 203, 28 OBR at 289, 503 N.E.2d at 146.

In the present case, finality did not attach to the trial court's preliminary ruling to exclude Sam Bell's testimony. The issue was never reached during trial because the case never came to trial. There is no error for this court to review. We overrule Dent's second assignment of error.

### Assignment of Error III

"The trial court erred to the prejudice of plaintiffs-appellants by granting defendant Ford Motor Company's motion for partial summary judgment as to plaintiffs' claims for fraud and breach of express warranty."

Dent again charges that Ford's motion for partial summary judgment was not supported by sufficient evidentiary matters to negate the factual issues she raised. As previously discussed, the party seeking summary judgment need not directly negate the opponent's claims; rather, the moving party must point out to the court an absence of evidence to support the claims. In this instance, Ford indicated that there was no genuine issue of material facts as to whether Ford made fraudulent representations or express warranties through its advertising slogans. Ford described the slogan "Built Fun Tough" as an attention-getting statement of opinion akin to calling the Bronco II the "best in America," rather than an express affirmation of fact. Ford then distinguished its advertising

slogan from Ohio's requirements to sustain a fraud action. *Gaines v. Preterm–Cleveland, Inc.* (1987), 33 Ohio St.3d 54, 55, 514 N.E.2d 709, 711. To counter Dent's accusation that the Bronco II was not a "truck" as advertised, Ford appended an affidavit attesting that the Bronco II met the standards of a "light truck" as defined by the federal government Department of Transportation.

Dent responded to Ford's motion but mistakenly argued that Ohio did not merge actions for implied warranty in tort with the doctrine of strict liability in products liability cases and attempted to argue in implied warranty terms. See *Temple v. Wean United, Inc., supra,* 50 Ohio St.2d at 322, 4 O.O.3d at 469, 364 N.E.2d at 271; see, also, *Leichtamer v. Am. Motors Corp.* (1981), 67 Ohio St.2d 456, 463, 21 O.O.3d 285, 289, 424 N.E.2d 568, 574. Dent then relied on *Leichtamer* to support the admission of commercial advertising; in this case, no one attempted to exclude the Bronco II advertising or slogans. *Id.* at 469, 21 O.O.3d at 293, 424 N.E.2d at 578.

The trial court construed the evidence most strongly in favor of Dent, but the record contained no genuine issue of material fact and the trial court awarded partial summary judgment to Ford. A reviewing court applies the same standard as the trial court, and we will not reverse the ruling. *Temple,* 50 Ohio St.2d at 327, 4 O.O.3d at 471, 364 N.E.2d at 273. We overrule Dent's third assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

CACIOPPO and COOK, JJ., concur.