OPINION
Appellant Katrina Waltz was employed by Case Farms of Ohio, Inc., at its plant located in Winesburg, Ohio. On November 17, 1995, while using a conveyor machine in the course of her employment, appellant's right arm became caught and entangled in the machine, causing injury. On November 13, 1997, appellant filed the instant action against appellee D F Poultry Equipment Sales, Inc., alleging product liability. On March 30, 1999, appellee filed a motion for summary judgment, alleging that it did not design, manufacture, or sell the conveyor machine upon which appellant was injured. Appellees supported its motion with an affidavit of Steven Burchfield, Special Project Engineer for appellee. In his affidavit, he stated that he personally inspected the conveyor machine identified as the subject of appellant's complaint. He testified that the machine he inspected was not the machine identified by appellant as appellee's conveyor machine with serial number S91684-25. He further testified by way of affidavit that appellee played no role in the design, manufacture, or sale of the machine on which appellant was injured. In a supplemental affidavit, Burchfield testified that appellee affixes the model and serial number of its machines by means of a metal plate tag, which is machine stamped with the numbers and then riveted onto the machine. He stated that the machine he inspected did not contain this metal tag. He further stated that the machine he inspected was not the same size as the machine reportedly supplied by appellee. In response to the motion for summary judgment, appellant filed the affidavits of Jerod Mosser and Shelly Walls, maintenance workers with Case Farms. Mosser testified in his affidavit that he was familiar with the machine, as he helped install it at the plant. He further stated that although the sticker was no longer on the machine, the machine had a blue and white DF Poultry sticker attached to it. Walls also testified that she was involved with the installation, maintenance, and repair of machinery at Case Farms. She stated in her affidavit that the machine bore an oval blue and white sticker with appellee's name on it, which was no longer on the machine. The trial court granted the motion for summary judgment, dismissing the complaint. The court found that appellant was required to rebut appellee's evidence in support of its motion for summary judgment with expert testimony. Having failed to do so, the court concluded that reasonable minds could only find that appellee did not manufacture the machine. Appellant assigns a single error on appeal:
 ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE.
Summary judgment is appropriate if there is no dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Civ.R. 56 (C). The non-moving party is entitled to have the evidence construed most strongly in its behalf. Id. We stand in the shoes of the trial court, reviewing summary judgment on the same standard and evidence. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. The trial court relied on Dent v. Ford Motor Company (1992), 83 Ohio App.3d 283, for the proposition that appellant was required to produce expert testimony to rebut appellee's claim that the machine was manufactured by someone else. This reliance is misplaced. In Dent, the plaintiff asserted that the trial court erroneously assumed she could not prove her product liability claim without the testimony of an expert witness. In affirming the judgment of the trial court, the Court of Appeals held that although the court gave the plaintiff six weeks to challenge the defendant's argument that expert testimony was required, and to designate a genuine trial issue, the plaintiff had failed to oppose the motion at all. Id. at 285. The instant case is distinguishable from Dent, in which the plaintiff produced no evidence in response to the motion for summary judgment. The Dent case was discussed by the Court of Appeals for Montgomery County in Atkins v. General Motors (1999),132 Ohio App.3d 556, 564. The Atkins court concluded that its case was distinguishable from Dent, as in Dent, the plaintiff submitted neither expert testimony nor any other evidence, aside from her own conclusory assertions, to prove the existence of a product defect. Id. The court concluded that while it will often be necessary for a plaintiff bringing a design defect claim to present expert testimony in support of that claim, expert testimony is not always required. Id. In some cases, circumstantial evidence alone, without expert testimony, will suffice. Id. The court concluded that in the case before it, neither the product nor its allegedly defective aspect was so complex as to require expert testimony as a matter of law. Id. In the instant case, the issue of who manufactured the machine is not so complex as to require expert testimony as a matter of law. Appellee presented evidence that the machine was not manufactured by D F Poultry. In response, appellant presented affidavits of two persons, who were familiar with the machine through their duties concerning repair and maintenance, that the machine at one time bore a blue and white sticker with the name D F Poultry, Inc. This was sufficient evidence to create a disputed fact concerning the issue of who manufactured the machine. Summary judgment was therefore inappropriate. The assignment of error is sustained.
The judgment of the Holmes County Common Pleas Court is reversed. This case is remanded to that court for further proceedings according to law.
WISE, J. and EDWARDS, J. CONCUR.