DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Huron County Court of Common Pleas. The following procedural facts are necessary to a disposition of this cause.
 {¶ 2} In May 1998, Linda D. Nunes, who was 45 years old, died as the result of multiple organ failure. Prior to her death, Nunes was hospitalized for a lengthy period while her physicians attempted to treat a perianal abscess/infection, which later invaded other parts of her body and led to the organ failures.
 {¶ 3} After dismissing a prior wrongful death action, without prejudice, appellant, Patricia Jackson, Executrix of the estate of Linda D. Nunes, timely commenced the instant wrongful death/medical malpractice action. Appellees, Farid H. Said, M.D.; Souheil Al-Jadda, M.D.; Fisher-Titus Medical Center; Ralph N. May, M.D.; and The Norwalk Clinic, Inc. were the named defendants in appellant's complaint.
 {¶ 4} Subsequent to deposing Calvin M. Kunin, M.D., one of appellant's proposed expert witnesses, the defendants filed motions in limine in which they asked the court to exclude Dr. Kunin's testimony at trial. The defendants based their motions on Dr. Kunin's alleged failure to meet the requirements, as set forth in Evid.R. 601(D), to testify as an expert witness in a medical malpractice action. On May 17, 2004, the trial court entered a preliminary ruling granting the defendants' motions in limine. The case then proceeded to a jury trial.
 {¶ 5} At the trial of this matter, appellant never offered Dr. Kunin as a witness, either as an expert or otherwise. The jury returned a verdict in favor of appellees, and the trial court entered its judgment on that verdict. Appellant appeals and contends that the following error occurred in the proceedings below:
 {¶ 6} "The trial court erred, abused its discretion and/or committed reversible error when it granted defendants' motion in limine to exclude the testimony of plaintiff's [appellant's] expert witness, Calvin Kunin, M.D."
 {¶ 7} Because the question of whether the lower court abused its discretion in excluding Dr. Kunin's testimony is not properly before this court, we will not address the merits of appellant's assignment of error.
 {¶ 8} A preliminary ruling on a motion in limine is "1a tentative, interlocutory, precautionary ruling * * * [and] finality does not attach when the motion is granted.'" Dent v.Ford Motor Co. (1992), 83 Ohio App.3d 283, 286, quoting Statev. Grubb (1986), 28 Ohio St.3d 199, 202. Thus, the ruling on a motion in limine does not preserve the record on appeal and an appellate court will not rule on the propriety of a motion in limine unless the introduction of the evidence, in this case expert testimony, is also made during trial, and a final ruling is obtained. Gable v. Gates Mills, 103 Ohio St.3d 449,2004-Ohio-5719, at ¶ 34. Therefore, because appellant failed to offer the testimony of Dr. Kunin at trial and obtain a final ruling on this evidentiary matter, she has waived all but plain error. Id. at ¶ 43. See, also, Goodenow v. Carbone (Dec. 13, 1993), 11th Dist. No. 93-L-061 (finding that consideration of the grant of a motion in limine excluding a physician's testimony was foreclosed because the appellant did not seek to introduce that testimony at trial.).
 {¶ 9} With regard to plain error, we can reverse a jury verdict in a civil case on the basis of plain error only in those "extremely rare" cases that involve "exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfussv. Davidson (1997), 79 Ohio St.3d 116, 122-123. See, also, Gable, at ¶ 43. A review of the case before us reveals that it is not that kind of case.
 {¶ 10} Accordingly, our review of appellant's sole assignment of error is foreclosed, and the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
Handwork, J., Skow, J., Parish, J., concur.