OPINION
{¶ 1} The defendants-appellants, Dorothy Dravenstott ("Dorothy") and Harold Dravenstott ("Harold") appeal the judgment of the Crawford County Common Pleas Court awarding damages against Dorothy in the amount of $1,834,522.60 to the plaintiffs-appellees, Michael E. Conway and Donald Heydinger, co-administrators (hereinafter collectively referred to as the "administrators") of the estate of Jana L. Conway ("Jana").
 {¶ 2} On June 30, 2004, Jana was a passenger in a Dodge Intrepid driven by her uncle, Larry Heydinger ("Larry"). Other passengers in the car included Sharon Heydinger ("Sharon"), Larry's wife and Jana's aunt; Michael C. Conway ("Michael"), Jana's husband; and Evan Conway ("Evan"), Jana and Michael's minor child. Larry's vehicle was traveling westbound on U.S. Route 224. At the same time, Dorothy was operating a 2002 Chevrolet ¾ ton pick-up truck eastbound on U.S. Route 224. Harold owned the truck and was a passenger in it. Near the border of Medina County, Ohio and Ashland County, Ohio, Dorothy negligently drove the truck across the center line of the road and hit Larry's car head-on. Everybody in Larry's car was injured; however, Jana, Michael, and Sharon's injuries were fatal.
 {¶ 3} On November 5, 2003, the administrators filed a nine-count complaint against Dorothy, Harold, United Ohio Insurance Company ("United Ohio"), West American Insurance Company ("West American"), and Mansfield Brass Aluminum Co. ("Mansfield Brass"). The complaint stated a wrongful death claim, a survival action, a claim for negligent entrustment, four claims for uninsured/underinsured motorist insurance coverage ("UM/UIM"), and a claim for punitive damages. On December 4, 2003, United Ohio filed its answer, a cross-claim against Dorothy, and a third-party complaint against Larry. West American, Mansfield Brass, and Dorothy filed their answers, and on January 8, 2004, Larry filed his answer to the third-party complaint. The administrators dismissed Mansfield Brass on July 13, 2004, and on May 16, 2005, Larry filed a motion to consolidate the case with Heydinger v. Dravenstott, Crawford County Common Pleas Court case number 05-CV-0165, which the trial court apparently overruled. Both United Ohio and West American filed motions for summary judgment. On January 13, 2006, the trial court denied summary judgment to United Ohio and granted summary judgment in favor of West American.
 {¶ 4} United Ohio dismissed its third-party complaint against Larry on January 17, 2006, and on January 25, 2006, Dorothy and Harold filed a motion in limine to prevent any mention of Michael's and Sharon's deaths. On January 27, 2006, United Ohio dismissed its cross-claim against Dorothy. On January 30, 2006, the administrators voluntarily dismissed Harold, and the trial court filed a judgment entry dismissing United Ohio pursuant toWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, 797 N.E.2d 1256. With Dorothy as the sole remaining defendant, the parties stipulated as to liability. On January 31 and February 1, 2006, the court held a jury trial on the issue of damages, and the jury returned a verdict of $1,834,522.60 against Dorothy. The trial court filed its judgment entry in conformity with the verdict on February 3, 2006. Dorothy and Harold appeal the trial court's judgment and assert the following assignments of error:
The trial court erred to the prejudice of Defendant-Appellantwhen it failed to exclude evidence of the deaths of MichaelConway and Sharon Heydinger.
 The jury's verdict in the amount of $1,834,522.60 was theresult of passion and prejudice and was not supported by theevidence.
 {¶ 5} As an initial matter, we do not have jurisdiction over Harold. The administrators dismissed Harold from the litigation before trial on January 30, 2006. See generally R.C. 2505.02. Therefore, this appeal must be dismissed as it pertains to Harold.
 {¶ 6} In the first assignment of error, Dorothy contends the trial court abused its discretion by allowing mention of Michael's and Sharon's deaths during opening and closing statements and in testimony elicited from several witnesses. Dorothy contends the evidence is irrelevant, or in the alternative, prejudicial. In response, the administrators argue that Dorothy has waived any error except plain error because she failed to object when the evidence was presented. The administrators contend Dorothy's argument concerning relevancy is without merit pursuant to R.C. 2125.02(b)(i), and that the statements were not prejudicial because the trial court gave a proper limiting instruction, and "[t]he mention of the other deaths was limited and incidental to the witness' testimony."
 {¶ 7} Dorothy's motion in limine requested the court to restrict the administrators from addressing the subject of Michael's and Sharon's deaths, arguing that the evidence was not relevant. In the alternative, Dorothy argued the evidence was unfairly prejudicial. Prior to trial, the court heard argument from counsel on the motion in limine. The trial court made the following statements:
Well, that branch of your motion will be denied. But I will goto this extent: I will give a limiting instruction to the Juryprior to voir dire that the other deaths occurred, but this caseis about damages resulting from Jana's death.
 But I don't see how we can keep that away from them and bringthe case out because it happens to be a fact, as pointed out byCounsel.
 As to the legal issue, the fact that it is somewhatdetrimental doesn't make it not a fact or doesn't make it undulyprejudicial. And it's my ruling that although prejudicial, it'snot unfairly prejudicial because it's what happened.
 So your objection is noted for the record and with thatlimiting instruction — and I'm sure from talking to Mr. Hoeffelthat he knows what the rules are, so he'll use that informationproperly.
Trial Tr., Apr. 3, 2006, 13:7-23.
 {¶ 8} The first issue we must resolve is whether Dorothy properly preserved the trial court's ruling on the motion in limine for appellate review. A motion in limine is a "`"tentative, precautionary request to limit inquiry into a specific area until its admissibility is determined during trial."'" Gable v. Gates Mills, 103 Ohio St.3d 449,2004-Ohio-5719, 816 N.E.2d 1049, at ¶ 35 (quoting Dent v. FordMotor Co. (1992), 83 Ohio App.3d 283, 286, 614 N.E.2d 1074
(internal citations omitted)). "`An appellate court need not review the propriety of such an order unless the claimed error is preserved by an objection, proffer, or ruling on the record when the issue is actually reached and the context is developed at trial.'" Gollihue v. Consolidated Rail Corp. (1997),120 Ohio App.3d 378, 388, 697 N.E.2d 1109 (quoting State v. Grubb (1986)28 Ohio St.3d 199, 201, 503 N.E.2d 142 (internal citation omitted)).
 {¶ 9} The record is clear that Dorothy did not object during the administrators' opening statement, during trial, or during the administrators' closing statement when Michael's and Sharon's deaths were mentioned. Dorothy admits she did not object, but argues that the trial court's jury instruction, issued before counsel could question prospective jurors, effectively rendered any objection fruitless, and objections throughout trial would have been a tactical mistake considering the nature of the litigation. Regardless of the reasons, Dorothy's failure to object during trial constitutes a waiver of any challenge on appeal. Gollihue, supra at 388. Nevertheless, in the interest of justice, we have reviewed the transcript and determined that the trial court did not abuse its discretion in admitting evidence that Michael and Sharon also died as a result of the collision.
 {¶ 10} A trial court has broad discretion in determining whether to admit or exclude evidence. See Krischbaum v. Dillon
(1991), 58 Ohio St.3d 58, 66, 567 N.E.2d 1291. Therefore, absent an abuse of discretion, the trial court's evidentiary rulings will not be disturbed. Id. An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140 (quoting State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E.2d 144 (internal citations omitted)). "`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. On this record, Michael's death is relevant in determining damages under R.C.2125.02(A)(1); (3)(b). Even if the trial court erred in determining that Sharon's death was relevant, any error attributed thereto is harmless because evidence demonstrating that Michael and Sharon died in the same collision is not unfairly prejudicial.
 {¶ 11} Under Evid.R. 403(A), relevant "evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Exclusion of evidence pursuant to Evid.R. 403 requires more than mere prejudice, it requires unfair prejudice. Oberlin v. Akron Gen. Med. Ctr., 91 Ohio St.3d 169,172, 2001-Ohio-248, 743 N.E.2d 890 (quoting Weissenberger's Ohio Evidence (2000) 85-87, Section 403.3). "`Unfair prejudice is that quality of evidence which might result in an improper basis for a jury decision.'" Id. Therefore, evidence, which "`arouses the jury's emotional sympathies, evokes a sense of horror, or appeals to an instinct to punish'" may be unfairly prejudicial. Id. Evidence that is unfairly prejudicial "`appeals to the jury's emotions rather than intellect.'" Id. On this record, we cannot find that the administrators used evidence of Michael's and Sharon's deaths to appeal to the jurors' emotions. The trial court cautioned the jury before counsel questioned prospective jurors in voir dire that the issue was limited solely to damages arising from Jana's death. In opening statements, the administrators' counsel mentioned Michael and Sharon's deaths, but reminded the jury that the issue was limited to damages for Jana's death. The trial court also gave a limiting instruction before the jury began its deliberations. While mindful that Dorothy did not object at any time during trial, we cannot find the trial court abused its discretion in admitting evidence that Michael and Sharon died in the same collision as Jana. The first assignment of error is overruled.
 {¶ 12} In the second assignment of error, Dorothy contends the jury's award for damages was excessive and influenced by passion or prejudice because the trial court allowed evidence of Michael and Sharon's deaths. Specifically, Dorothy contends that "[a] zero verdict for loss of society coupled with the excessive awards for loss of services and mental anguish demonstrate that there was no rhyme or reason to the jury's verdict and that they lost their way." However, the administrators contend that the size of a jury verdict alone is insufficient to prove that the jury acted out of passion or prejudice. Other than her contention that the evidence concerning Michael's and Sharon's deaths was prejudicial, the administrators contend Dorothy has not identified any portion of the record that would cause the jury to act with passion or prejudice.
 {¶ 13} In determining whether a jury's award of damages was influenced by passion or prejudice, an appellate court must consider
"not only the amount of damages returned * * * but it alsobecomes the duty of such court to ascertain whether the recorddiscloses that the excessive damages were induced by (a)admission of incompetent evidence, (b) by misconduct on the partof the court or counsel, or (c) by any other action occurringduring the course of the trial which can reasonably be said tohave swayed the jury in their determination of the amount ofdamages that should be awarded."
 Sindel v. Toledo Edison Co. (1993), 87 Ohio App.3d 525, 531,622 N.E.2d 706 (quoting Fromson Davis Co. v. Reider (1934),127 Ohio St. 564, 189 N.E. 851, paragraph three of the syllabus). In this case, Dorothy does not contend that the jury was influenced by incompetent evidence or misconduct by the court or counsel. Instead, Dorothy contends the jury was prejudiced by evidence that Michael and Sharon died as the result of the same collision. However, we have determined that the evidence was not unfairly prejudicial. Dorothy's argument is essentially based on the size of the award, but "[p]assion or prejudice is not provided by the mere size of a verdict." Id. at 532 (citingJeanne v. Hawkes Hosp. of Mt. Carmel (1991),74 Ohio App.3d 246, 598 N.E.2d 1174 (internal citations omitted)). "`It must appear that the jury's assessment of damages was so disproportionate as to shock reasonable sensibilities.'" Id. (quoting Jeanne, supra (citing Spicer v. Armco Steel Corp.
(1974), 68 O.O.2d 314, 322 N.E.2d 279)). The evidence shows that Jana came from a close-knit family; Jana's next of kin included Evan, her mother, her father, and her brother; Jana had had difficulty conceiving a child, so she considered Evan a blessing and was a good mother; and Jana worked to contribute income to her immediate family. On this record, we cannot find the jury's award was the result of prejudice or passion, and the second assignment of error is overruled.
 {¶ 14} The appeal is dismissed in part and the judgment of the Crawford County Common Pleas Court is affirmed.
Appeal dismissed in part and judgment affirmed.
 Rogers and Cupp, JJ., concur.