OPINION
{¶ 1} Defendants-appellants Celina Mutual Insurance Company and National Mutual Insurance Company (collectively "Celina Group") appeal from an agreed judgment entry that incorporated the Mercer County Court of Common Pleas' decision to grant a motion in limine in favor of plaintiffs-appellees Ronald and Susan Snyder. Because the trial court's decision to grant a motion in limine is not a final, appealable order, and the parties cannot agree to give this court jurisdiction that it does not otherwise possess, we must dismiss the appeal.
 {¶ 2} Celina Group issued an automobile insurance policy to R.A. Snyder Co. in 1984. The policy covered Ronald Snyder ("Snyder") as an additional insured, and provided $300,000 of liability insurance and $25,000 of uninsured ("UM") and underinsured ("UIM") motorist coverage. Snyder renewed the policy periodically.
 {¶ 3} Celina Group issued a renewal policy in 1990 that provided Snyder $300,000 of liability insurance and $300,000 of UM/UIM coverage. Snyder signed a reduction form shortly thereafter that lowered the UM/UIM coverage to $25,000.
 {¶ 4} Celina Group issued another renewal policy in 1996. Approximately one month before the 1996 renewal policy expired, Snyder sustained serious physical injuries in an automobile accident with another driver. Snyder settled a claim with the other driver's insurance company, and despite the fact that the UM/UIM coverage remained $25,000, presented a UIM claim to Celina Group under the 1996 renewal policy for $300,000. Celina Group declined to pay the higher amount.
 {¶ 5} Snyder filed a complaint in the Mercer County Court of Common Pleas for a declaratory judgment that the UM/UIM policy limit had increased to $300,000 by operation of law. Snyder reasoned the policy limit increased because the 1990 reduction form did not constitute a valid written offer or an express and knowing reduction of UM/UIM coverage under Linko v. Indemnity Ins. Co. of N. Am., 90 Ohio St.3d 445,2000-Ohio-92, 739 N.E.2d 338. Celina Group counterclaimed for a declaratory judgment that the UM/UIM policy limit remained $25,000. In its counterclaim, Celina Group raised several constitutional challenges to Ohio's UM/UIM statute, R.C. 3937.18.
 {¶ 6} Snyder later filed a motion in limine in which he arguedLinko precluded Celina Group from introducing documents and deposition testimony to supplement the 1990 reduction form. The trial court granted Snyder's motion in limine. In doing so, the trial court reasoned the documents and deposition testimony at issue constituted inadmissible, extrinsic evidence because it did not fit within the "four corners of the insurance agreement."
 {¶ 7} Shortly thereafter, the parties entered into an agreed judgment entry. The entry provided that the 1990 reduction form did not constitute a written offer of UM/UIM coverage under Linko, that Snyder's damages equaled or exceeded $300,000, that Celina Group preserved its "legal issues, contentions and evidence" for appeal, that the UM/UIM policy limit increased to $300,000 by operation of law, that Snyder was entitled to recover $300,000, and that nothing in the agreed judgment entry "should be construed as reflecting conceded liability by [Celina Group]." The entry also incorporated the trial court's ruling on the motion in limine and Celina Group's related objection. The trial court approved the agreed judgment entry, but later amended it in part to specify the Ohio Attorney General waived an opportunity to participate in this case.
 {¶ 8} Celina Group appeals from the agreed judgment entry and sets forth one assignment of error for our review.
ASSIGNMENT OF ERROR
 The trial court erred to the prejudice of appellants in granting appellees' motion in limine.
 {¶ 9} Before reaching the merits of Celina Group's assignment of error, we first must determine whether jurisdiction exists to hear this appeal.
 {¶ 10} Article IV, Section 3(B)(2), of the Ohio Constitution limits an appellate court's jurisdiction to the review of final orders. To be a final, appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). Chef Italiano Corp. v.Kent State Univ. (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64. Whether an order is final and appealable is a jurisdictional question, which an appellate court may raise sua sponte. Id. at 87.
 {¶ 11} A trial court's decision to grant a motion in limine is an interlocutory order that is not final and appealable. Gable v. GatesMills, 103 Ohio St.3d 449, 2004-Ohio-5719, 816 N.E.2d 1049, at ¶ 35. This is because a trial court's decision to grant a motion in limine is a procedural step prior to the offer of evidence at trial that does not preserve the record for appellate review. Id., citing Dent v. Ford MotorCo. (1992), 83 Ohio App.3d 283, 286, 614 N.E.2d 1074.
 {¶ 12} In this case, the parties entered into an agreed judgment entry, which incorporated the trial court's ruling on the motion in limine and Celina Group's related objection. The parties stipulated that they entered into the agreed judgment entry in order to expedite this appeal. In essence, Celina Group sought to accept the trial court's ruling on Snyder's motion in limine without waiving any right to assign error to it.
 {¶ 13} The trial court's decision to grant Snyder's motion in limine is an interlocutory order that is not final and appealable. Celina Group did not seek to proffer or introduce the supplemental evidence at issueduring trial and, consequently, did not preserve any claimed error by means of a timely objection offered at the appropriate time. Although the parties entered into the agreed judgment entry at issue to expedite this appeal, and the agreed judgment entry was no doubt well intended, the parties cannot agree to give this court jurisdiction that it does not otherwise possess.[1] See, e.g., Moore v. Daw, 5th Dist. No. CT20020002, 2002-Ohio-6604 (holding agreed judgment entry involving remittitur did not constitute a final, appealable order). Accordingly, we must dismiss the appeal for lack of jurisdiction.
Appeal dismissed.
BRYANT, P.J., and ROGERS, J., concur.
[1] Nor do we find in the record any motion which could be construed as a motion for summary judgment upon which we could conclude that the trial court's judgment entry may have terminated the case as a ruling on such motion.