OPINION
{¶ 1} Defendant-appellant Robert E. Simpson appeals his conviction and sentence entered in the Mount Vernon Municipal Court on one count of vehicular homicide.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} Appellant Robert L. Simpson was charged with one count of vehicular homicide, a violation of § 2903.06(A)(4).
 {¶ 4} Appellant pled "not guilty" to that charge and a jury trial was scheduled.
 {¶ 5} On April 12, 2006, Appellant requested that the trial court instruct the jury on the defense of "sudden emergency".
 {¶ 6} The State of Ohio filed a Motion in Limine objecting to the requested jury instruction and a hearing was held on May 25, 2006. At the hearing, extensive testimony was given by the Ohio Highway Patrol Trooper who investigated the fatal accident in addition to that by Appellant and his expert witness, Scott Noll. At the conclusion of the hearing, the trial court granted the State's Motion in Limine, ruling that Appellant would not be permitted to present evidence of "sudden emergency" nor would the trial court instruct the jury on the defense of "sudden emergency". (T. at 41-42).
 {¶ 7} On May 25, 2006, immediately after the hearing, Appellant changed his plea to "No Contest". After questioning Appellant, the trial court accepted Appellant's change of plea and referred the case to the Probation Department for a pre-sentence report. *Page 3 
 {¶ 8} On July 17, 2006, the trial court held a sentencing hearing wherein the trial court sentenced Appellant to serve ninety (90) days in jail with (60) days suspended upon the condition that Appellant have no similar offense during the next two (2) years and that Appellant successfully complete two (2) years of reporting probation. Appellant's driver's license was suspended under a class six (6) operator's license suspension for a period of seven hundred twenty (720) days beginning July 22, 2006, with limited driving privileges after ninety (90) days. Appellant was allowed to serve his thirty (30) day jail sentence at home with an electronic monitoring device.
 {¶ 9} Appellant filed his notice of Appeal on July 20, 2006, and now assigns the following error for review:
 ASSIGNMENT OF ERROR {¶ 10} "I. FINDING OF GUILT BY THE TRIAL COURT WAS CONTRARY TO LAW AND AN UNREASONABLE ABUSE OF DISCRETION OF THE COURT.
 {¶ 11} "II. THE TRIAL COURT ERRED/COMMITTED AN ABUSE OF DISCRETION WHEN IT RULED THAT THE LEGAL DEFENSE OF SUDDEN EMERGENCY IS NOT AVAILABLE TO THE CHARGE OF VEHICULAR MANSLAUGHTER PURSUANT TO OHIO REVISED CODE § 2903.06(A)(4).
 {¶ 12} "III. THE TRIAL COURT ERRED/COMMITTED AN ABUSE OF DISCRETION IN PREVENTING THE DEFENDANT FROM USING THE LEGAL DEFENSE OF SUDDEN EMERGENCY."
 {¶ 13} Before reaching the merits of Appellant's assignments of error, we first must determine whether jurisdiction exists to hear this appeal. *Page 4 
 {¶ 14} Article IV, Section 3(B)(2), of the Ohio Constitution limits an appellate court's jurisdiction to the review of final orders. To be a final, appealable order, a judgment entry must meet the requirements of R.C. § 2505.02 and, if applicable, Civ.R. 54(B). Chef Italiano Corp. v.Kent State Univ. (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64. Whether an order is final and appealable is a jurisdictional question, which an appellate court may raise sua sponte. Id. at 87.
 {¶ 15} A trial court's decision to grant a motion in limine is an interlocutory order that is not final and appealable. Gable v. GatesMills, 103 Ohio St.3d 449, 2004-Ohio-5719, 816 N.E.2d 1049, at ¶ 35. This is because a trial court's decision to grant a motion in limine is a procedural step prior to the offer of evidence at trial that does not preserve the record for appellate review. Id., citing Dent v. Ford MotorCo. (1992), 83 Ohio App.3d 283, 286, 614 N.E.2d 1074.
 {¶ 16} The trial court's decision to grant the State's motion in limine is an interlocutory order that is not final and appealable. Appellant did not seek to proffer or introduce the supplemental evidence at issue during trial and, consequently, did not preserve any claimed error by means of a timely objection offered at the appropriate time.
 {¶ 17} Although it is stated in the trial court's May 25, 2006, Journal Entry granting the State's Motion in Limine, that such ruling was intended to be a final ruling, and it is stated again in Appellant's brief that the parties agree that such ruling is a final appealable order, the parties, nor the trial court, cannot agree to give this Court jurisdiction that it does not otherwise possess. See, e.g., Moore v.Daw, 5th Dist. No. *Page 5 
CT2002-0002, 2002-Ohio-6604 (holding agreed judgment entry involving remittitur did not constitute a final, appealable order).
 {¶ 18} Because this matter comes to us on an appeal of such ruling on the Motion in Limine rather than a Motion to Vacate Appellant's plea, we must accordingly dismiss the instant appeal for lack of jurisdiction.
 {¶ 19} Appellant's appeal of his conviction and sentence entered in the Mount Vernon Municipal Court, Knox County, Ohio, is hereby dismissed.
By: Wise, P. J. Edwards, J. and Delaney, J. concurs
 JUDGMENT ENTRY
For the reasons set forth in our accompanying Opinion, appellant's appeal from the decision of the Mount Vernon Municipal Court, Knox County, Ohio, is dismissed. Costs assessed to appellant. *Page 1