OPINION
{¶ 1} Plaintiff-appellant John Sandberg appeals from a judgment rendered in favor of defendants-appellees Crouch Fire Safety Products and Joy Oxley, following a jury trial. In September 2004, Sandberg brought this action in the Montgomery County Common Pleas Court alleging sexual harassment, retaliation, defamation, breach of *Page 2 
contract, quantum meruit, and unjust enrichment.
 {¶ 2} Sandberg contends on appeal that the trial court abused its discretion in three regards, each requiring reversal. First, he argues that the court erred in denying his motion in limine seeking to preclude discovery regarding his sexual orientation and admission of related evidence at trial. He also claims that two particular jurors should have been excused after he challenged them for cause. Third, Sandberg maintains that the trial court should have accepted his motion for judgment notwithstanding the verdict or alternatively for a new trial, despite his failure to comply with the local rules. We find no abuse of discretion with respect to any of these decisions. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} Richard and Joy Oxley, sole shareholders of Crouch Fire and Safety, hired John Sandberg as a business consultant in April, 1999. Sandberg resided in Chicago, Illinois, and traveled to Dayton as needed. The Oxleys invited Sandberg to stay in their home when he was in Dayton. At the end of the year, upon the resignation of Mr. Oxley, Sandberg took over the role of president through his management company. In both his capacity as a consultant and as president, Sandberg's position was that of an independent contractor, rather than a contracted employee of the company.
 {¶ 4} Sandberg claimed that almost from the start of his role as president, Mrs. Oxley sought a sexual relationship with him, becoming very insistent as he refused her advances. Mrs. Oxley denied any interest in an intimate relationship with Crouch. She explained that she allowed him to stay in her home because she knew that he was *Page 3 
homosexual and involved in a relationship with a computer technician whom he hired to work for Crouch. Sandberg claimed that upon his continued refusal to have a sexual relationship with Mrs. Oxley, she became overly critical of his work.
 {¶ 5} Early in 2000, Mr. Oxley sought to remove Sandberg from his position as president. Later that year, several of the Crouch employees and the management team approached Mrs. Oxley and insisted that Crouch be released from his position. By the end of 2000, Sandberg was removed from office.
 II {¶ 6} Sandberg's First Assignment of Error is as follows:
 {¶ 7} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ORDERING PLAINTIFF TO DISCLOSE HIS SEXUAL ORIENTATION."
 {¶ 8} Sandberg argues in his First Assignment of Error that in refusing to grant his liminal motion to exclude evidence of his homosexuality at trial, the trial court effectively forced him to disclose the evidence himself, thus prejudicing the jury against him. Because Sandberg did not preserve this issue for appeal, nor did he demonstrate plain error, his claim fails.
 {¶ 9} "Ohio law is clear . . . that a ruling on a motion in limine may not be appealed and that objections . . . must be made during the trial to preserve evidentiary rulings for appellate review." Gable v. GatesMills, 103 Ohio St.3d 449, 2004-Ohio-5719,]}34, citing Dent v. FordMotor Co. (1992), 83 Ohio App.3d 283, 286, 614 N.E.2d 1074. At trial Sandberg's attorney made a tactical decision not to object to the admissibility of the evidence during the trial. Instead, counsel elected to raise the issue of his client's *Page 4 
homosexuality in voir dire, in his opening statement, and in direct questioning of Sandberg. In choosing this strategy, Sandberg waived all but plain error on appeal. State v. McKnight, 107 Ohio St.3d 101, 2005-Ohio-6046,]}97, citing Gable, supra, at ?34.
 {¶ 10} Sandberg argues that he was all but forced to deal with the issue of his sexual orientation, in the voir dire examination of potential jurors especially, once the trial court issued its liminal ruling that his sexual orientation could come into evidence. We understand, and are sympathetic to this argument, but the law, as exemplified by the Gable and McKnight decisions cited above, appears to be settled that errors in liminal rulings are not preserved for appellate review if not renewed at trial when the objectionable evidence is proffered. One possible approach would be to renew the objection at the appropriate time, and then, if the trial court should change its mind and sustain the objection, ask for a mistrial if the objecting party has been forced, by a liminal ruling, to bring the objectionable matter to the attention of the jury.
 {¶ 11} In this case, we conclude that the trial court was within its discretion in overruling Sandberg's liminal motion, even if that ruling had been preserved for appellate review. During discovery the parties are entitled to request all information "reasonably calculated to lead to the discovery of admissible evidence." Civ.R. 26. Moreover, a trial court has broad discretion in regulating discovery of relevant evidence.State ex rel. Abner v. Elliott, 85 Ohio St.3d 11, 16, 1999-Ohio-199. Because Mrs. Oxley's awareness of Sandberg's sexual orientation was of some relevance to the claims against her, the factual issue of his orientation could lead to relevant evidence, and the defendants were permitted to pursue this avenue of discovery. *Page 5 
 {¶ 12} Sandberg's sexual orientation was relevant for several reasons. For example, one of the reasons that Mrs. Oxley gave for firing Sandberg was that he hired and maintained on the payroll a man with whom he had a sexual relationship, when that man was unqualified for his position. Additionally, Sandberg's sexual orientation went directly to Mrs. Oxley's knowledge and intent to sexually harass him. For this reason, when faced with Sandberg's liminal motion, the trial court appropriately held that it would have to wait to see how the evidence would be raised at trial before making a final decision of whether to exclude it. We find no plain error in this ruling.
 {¶ 13} Because Sandberg failed to object to the admissibility of the evidence when it was introduced at trial, he waived any right to appeal the trial court's liminal ruling, absent plain error, which is not found on this record. Accordingly, Sandberg's First Assignment of Error is overruled.
 III {¶ 14} Sandberg's Second Assignment of Error is as follows:
 {¶ 15} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO EXCUSE TWO JURORS FOR CAUSE."
 {¶ 16} Sandberg contends that the trial court should have dismissed from the jury for cause a woman who stated that she had some short-term memory problems and a man for whom English was not his first language. "A trial court's ruling on a challenge for cause will not be disturbed on appeal unless it is manifestly arbitrary and unsupported by substantial testimony, so as to constitute an abuse of discretion."State v. Braden, 98 Ohio St.3d 354, 2003-Ohio-1325,]}36, citations omitted. *Page 6 
 {¶ 17} Because in this case the trial court carefully questioned those jurors in regards to those concerns in order to ascertain their ability to serve on the jury, there was no abuse of discretion in the court's decision to leave them on the panel.
 {¶ 18} The judge extensively questioned the woman with the memory problems regarding her ability to follow the trial. The woman expressed concerns that she "might" have problems remembering all of the testimony. It is unlikely that any one juror could accurately and completely remember all of the testimony given each day, which is why jurors are asked to rely on their collective memory of the testimony, not the memory of any single juror. In light of that, the judge asked the woman if memory loss would be a problem for her, and she responded, "possibly not." The attorneys had the opportunity to question the panel, and then the court followed up with that particular woman. When the court asked if she thought that her memory loss would be a problem for her, she answered, "Not seriously. * * * But I just wanted you to know that there is a little problem there."
 {¶ 19} The judge also questioned the man who had not been born in the United States and worried that he might have difficulty following the trial. The man had lived in the United States for twenty years, and he had been a citizen of the United States for six years. The judge's inquiries revealed that the man's concern was not for lack of understanding of English, but that he was trained as a physicist and might not understand the types of claims made in this case. The judge explained that he need not be an expert in those areas and that he only needed to apply his everyday knowledge and experience. The juror gave no indication that he would not be able to do so.
 {¶ 20} We conclude that the trial court did not abuse its discretion in refusing to *Page 7 
disqualify the two jurors challenged for cause. Sandberg's Second Assignment of Error is overruled.
 IV {¶ 21} Sandberg's Third Assignment of Error is as follows:
 {¶ 22} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY REFUSING TO ALLOW PLAINTIFF TO FILE HIS MOTION FOR JNOV/NEW TRIAL."
 {¶ 23} Very late on the last afternoon on which motions for judgment notwithstanding the verdict or a new trial could be filed, Sandberg attempted to obtain the trial court's permission to file a motion beyond the 20-page limit permitted by the local rules of court. After learning that the judge was unavailable, Sandberg filed his 34-page motion without leave of the court, along with a motion to exceed the page limit.
 {¶ 24} The trial court struck Sandberg's motion because it did not comply with the local rules. The court specifically stated that Sandberg failed to demonstrate good cause for exceeding the page limit. On appeal Sandberg argues that the trial court had an obligation to accept the non-compliant motion because the courts routinely grant motions to exceed the page limit after the fact. However, if we were to sustain Sandberg's argument, the we would effectively be repealing the page-limit rule. Decisions regarding these procedural matters are within the discretion of each trial court, and a trial court is under no obligation to accept a motion that fails to comply with the rules. See, e.g., Miller v. Lint (1980), 62 Ohio St.2d 209, 214, 404 N.E.2d 752. We conclude that the trial court did not abuse its discretion in striking Sandberg's non-compliant motion. *Page 8 
 {¶ 25} Sandberg's Third Assignment of Error is overruled.
 V {¶ 26} All of Sandberg's assignments of error having been overruled, the judgment of the trial court is Affirmed.
 WOLFF, P.J., and BROGAN, J., concur. *Page 1