OPINION
{¶ 1} Plaintiff-appellant, Tamika Kirkpatrick, appeals from a judgment of the Franklin County Court of Common Pleas. Because we lack jurisdiction due to the absence of a final appealable order, we dismiss this appeal.
 {¶ 2} On April 2, 2004, appellant filed a medical malpractice complaint against defendants-appellees, Clintonville Family Practice ("the practice") and Barbara Willows, a physician working for the practice (collectively referred to as appellees). She alleged in her complaint that Willows treated her on November 8, 2002 for a severe headache and *Page 2 
numbness of the left side. Willows prescribed appellant medications and sent her home. The next morning, appellant continued to suffer severe headaches. A friend noticed that appellant was not able to get out of her bed and was not acting normal. The friend called the emergency squad. Paramedics took appellant to a hospital, where she was diagnosed as having suffered a stroke.
 {¶ 3} A trial was scheduled for this matter on October 29, 2007. On September 7, 2007, appellees filed a motion in limine seeking to exclude certain evidence appellant sought to present at trial. On October 4, 2007, the trial court granted appellees' motion in limine. On October 26, 2007, appellant filed a notice of appeal from that decision.
 {¶ 4} Appellant assigns the following error:
 THE TRIAL COURT ERRED IN REJECTING COMPETENT EXPERT MEDICAL EVIDENCE DEMONSTRATING THAT APPELLEES' MEDICAL NEGLIGENCE RESULTED IN APPELLANT'S LOSS OF CHANCE OF RECOVERY.
 {¶ 5} Although not raised by the parties, we must dismiss this case for lack of a final appealable order. Pursuant to Section 3(B)(2), Article IV, Ohio Constitution, appellate courts have jurisdiction to review final orders or judgments of inferior courts within their appellate districts. R.C. 2505.03(A). If an order is not final and appealable, an appellate court lacks jurisdiction to review the matter and must dismiss the appeal. Davison v. Rini (1996),115 Ohio App.3d 688, 692; Browder v. Shea, Franklin App. No. 04AP-1217, 2005-Ohio-4782, at ¶ 11.
 {¶ 6} Appellant appeals from the trial court's decision granting appellees' motion in limine. A trial court's decision to grant a motion in limine is an interlocutory order that is not final and appealable.Gable v. Gates Mills, 103 Ohio St.3d 449, 2004-Ohio-5719, *Page 3 
at ¶ 35. As a tentative, interlocutory, precautionary ruling, finality does not attach when a motion in limine is granted. This is because a trial court's decision to grant a motion in limine is a procedural step prior to the offer of evidence at trial that does not preserve the record for appellate review. Id.; see, also, State v. Simpson, Knox App. No. 06CA27, 2007-Ohio-1959, at ¶ 15; Snyder v. Celina Mut. Ins.Co., Mercer App. No. 10-05-20, 2006-Ohio-6487, at ¶ 11.
 {¶ 7} Because the trial court's decision granting appellees' motion in limine is not a final appealable order, this court is without jurisdiction to hear this appeal. Accordingly, we dismiss appellant's appeal.
Appeal dismissed.
 BRYANT and SADLER, JJ., concur. *Page 1